**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    23-55491 |
| Plaintiff-Appellee, | D.C. Nos.    3:21-cv-01817-LAB |
| v. | 3:20-cr-00245-LAB-1 |
| LUIS MARROT CACERES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 15, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Luis Marrot Caceres appeals from the district court's order denying his motion

to vacate his sentence under 28 U.S.C. § 2255.  He alleges ineffective assistance of

counsel ("IAC") in connection with safety valve proceedings.  We have jurisdiction

under 28 U.S.C. §§ 2253 and 2255.  We review de novo a district court's decision

denying a § 2255 motion and its underlying findings for clear error.  *United States*

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

*v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019).  We review a district court's decision not to hold an evidentiary hearing for abuse of discretion.  *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).  We affirm.

1.  To succeed on his IAC claim, Caceres must show that his counsel's acts or omissions were so deficient that they "fell below an objective standard of reasonableness" and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

First, Caceres did not show that he was prejudiced by his counsel's delay in initiating safety valve proceedings or by the content of his counsel's response to the government's concerns with the initial proffer.  Even if his counsel had submitted a proffer to the government earlier or arranged for Caceres to participate in an in-person debriefing with the government, there is not a substantial likelihood that the district court would have reached a different conclusion.  The district court expressed multiple times that it did not believe Caceres was telling the truth, even after Caceres's counsel provided additional detail in response to the government's concerns at the sentencing hearing.  The additional detail in Caceres's declaration in support of his § 2255 motion is not meaningfully different from the information provided in his initial proffer or by his counsel at the sentencing hearing.  Thus, Caceres cannot show "a reasonable probability that, but for" the timing and conduct

2

of his counsel's work on safety valve proceedings "the result of the proceeding[s] would have been different." *Id.* at 694.

Second, Caceres's counsel was not ineffective by declining to pursue another continuance. Another continuance request would have been futile because the district court made clear that it would not grant another continuance. A "failure to make a futile motion does not constitute ineffective assistance of counsel." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

2. The district court did not abuse its discretion by declining to hold an evidentiary hearing on Caceres's IAC claim. In the context of the denial of a § 2255 evidentiary hearing, "the district court abuses its discretion 'when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact.'" *United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022) (citation omitted). The only error to which Caceres points is the district court's misstatement that an in-person debriefing had occurred. But this statement was immaterial to the court's decision that Caceres had failed to show any prejudice from his counsel's purportedly ineffective assistance. Because the evidence that Caceres sought to adduce at an evidentiary hearing would not establish any prejudice, he failed to offer "specific factual allegations which, if true, would entitle him to relief," *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982), and thus the district court did not

3

abuse its discretion in denying an evidentiary hearing, *see Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).

The district court's order is **AFFIRMED**.